**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| DAVID WARREN HUFFMAN, | : | Case No. 1:26-cv-325 |
| Petitioner, | : | |
| | : | |
| vs. | : | District Judge Jeffery P. Hopkins |
| | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| WARDEN, SOUTHERN OHIO | : | |
| CORRECTIONAL FACILITY, | : | |
| | : | |
| Respondent. | : | |

## OPINION AND ORDER

Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging his 2017 Hamilton County convictions and sentence in Case No. B1601593. (Doc. 1-1).

On April 2, 2026, the Court ordered Petitioner to show cause why the Petition should not be transferred to the Sixth Circuit Court of Appeals as second or successive because Petitioner has previously challenged the same convictions and sentence in federal court. (Doc. 3). Petitioner has now filed his response to the Show Cause Order. (Docs. 4, 6, 8).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must conduct a preliminary review to determine "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Because it plainly appears that Petitioner is not entitled to relief from the District Court, the Court **ORDERS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth

Circuit as a second or successive petition under 28 U.S.C. § 2244(b).

## I.      BACKGROUND

In 2017, Petitioner pled guilty to kidnapping and rape in the underlying criminal case.  *See Huffman v. Warden*, No. 2:21-CV-3952, 2021 WL 3079869, at *1 (S.D. Ohio July 21, 2021), *report and recommendation adopted*, *Huffman v. Warden*, 2021 WL 4288447, at *1 (S.D. Ohio Sept. 21, 2021).  He was sentenced to eleven years in prison.  *Id*.  Petitioner did not file an appeal or a state post-conviction petition.  *Id*.  Although he filed a motion for new trial, it was denied.  *Id*.

Thereafter, in 2021, Petitioner filed a § 2254 Petition for a Writ of Habeas Corpus, challenging his convictions and sentence on grounds that included ineffective assistance of trial counsel.  *Id*.  On September 21, 2021, the Court dismissed the Petition with prejudice as time barred.  *Id*. at *2.  Petitioner did not seek further review in the Sixth Circuit Court of Appeals.

Then, in 2024, Petitioner filed a second Petition for a Writ of Habeas Corpus.  *Huffman v. Warden*, No. 1:24-CV-35, 2024 WL 3422728 (S.D. Ohio July 16, 2024).  Petitioner again challenged his underlying convictions and sentence, and the Court transferred the case to the Sixth Circuit as second or successive.  *Huffman v. Warden*, No. 1:24-CV-35, 2024 WL 4088021, at *1 (S.D. Ohio Sept. 5, 2024).  By order, the Sixth Circuit denied Petitioner's motion for authorization to file a second or successive petition.  *In re Huffman,* No. 24-3774 (Feb. 6, 2025).

Now, in the instant Petition (his third), Petitioner continues to attack the same convictions and sentence that he challenged in his prior petitions.  In so doing, he reasserts grounds for relief from his 2024 Petition.  More specifically, he contends (1) that he was "excluded as donor of the DNA profile identified" from the victim (Ground One); and (2) that the victim did not identify him "when provided witness preparation form and photo line-up" (Ground Two).  (Doc. 1-1, at PageID

2

11, 14). Seeking to avoid the restrictions on second or successive habeas petitions, *see* § 2244(b), Petitioner appears to argue that the instant Petition merely amends the initial Petition and that he received a new judgment on February 17, 2026, when the Supreme Court of Ohio denied his motion for delayed appeal. (Doc. 1-1, at PageID 28, 40; Doc. 4, at PageID 65; Doc. 6, at PageID 71). Petitioner's arguments against finding the instant Petition second or successive are unpersuasive.

## II. DISCUSSION

"Federal law generally gives habeas petitioners one shot to pursue their claims in federal court." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016). "But after that, the road gets rockier. To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements." *Banister v. Davis*, 590 U.S. 504, 509 (2020) (citing 28 U.S.C. § 2244(b)(3)(C), (b)(1) and (b)(2)); *see also Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to consider a second or successive petition filed without authorization and must transfer such a petition to the Court of Appeals for the Sixth Circuit for consideration. *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam); 28 U.S.C. § 1631.

Not all habeas corpus petitions filed second (or later) in time are "second or successive" within the meaning of § 2244(b). *Banister*, 590 U.S. at 511–12. Still, as a general rule, a petition

targeting the same state court judgment challenged by a prior petition is second or successive. *Burton v. Stewart*, 549 U.S. 147, 153 (2007).  The relevant "judgment" for these purposes is the sentencing judgment.  *Id*. at 156.  The Sixth Circuit has provided the following roadmap for determining whether a petition is second or successive:

> A second-in-time petition is not considered second or successive when (1) the second petition challenges a new state-court judgment; (2) the proposed claim would have been unripe at the time of the original petition; or (3) the proposed claim was not decided on the merits because it was dismissed as unexhausted.

*In re Gutierrez*, No. 23-2004, 2024 WL 3333932, at *1 (6th Cir. Apr. 11, 2024) (internal citations omitted).

The instant Petition does not meet the above exceptions.  The judgment at issue is Petitioner's eleven-year sentence handed down by the Hamilton County Court of Common Pleas in 2017, in Case No. B1601593.  (Doc. 1-1, at PageID 7).  This is the same 2017 judgment and sentence that he challenged in his prior Petitions.  And the February 17, 2026 Supreme Court of Ohio Entry relied on by Petitioner did not result in a new judgment.  To the contrary, the Supreme Court of Ohio denied Petitioner relief and left his judgment intact.  (*See* Doc. 1-1, at PageID 40 (containing a copy of the February 17, 2026 Entry)).

Nor can Petitioner show that his grounds for relief were unripe at the time of his first Petition.  Indeed, the Sixth Circuit considered both claims when it denied Petitioner's 2024 motion for authorization to file a second or successive § 2254 petition.  *See In re Huffman,* No. 24-3774, at pp. 1-2.  To the extent Petitioner asserts that his claims should be considered because they merely amend his initial Petition (*see* Doc. 4, at PageID 65), he is mistaken.  Where, as here, a final judgment has been entered and remains undisturbed, a petition is no longer subject to amendment.

4

*See, e.g.*, *Hence v. Smith*, No. 97-40461, 2016 WL 67652, at \*6 (E.D. Mich. Jan. 5, 2016) ("[T]he circumstances of this case do not allow Petitioner to file a motion to amend [his initial Petition] given that the final judgment has been entered in this case and remains undisturbed."). Thus, unless the instant Petition falls within an exception for bypassing the requirements governing second or successive petitions, this Court is without jurisdiction to consider it absent prior authorization by the Sixth Circuit. *Franklin*, 839 F.3d at 475.

Third, and finally, Petitioner fails to meet the exception for unexhausted claims. This exception "is meant to allow a petitioner to return to federal court when he has had some of his § 2254 claims dismissed as unexhausted[.]" *In re Gutierrez*, 2024 WL 3333932, at \*1. *See also In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017) (noting that the exception applies "where a federal court dismissed an earlier petition because it contained exhausted and unexhausted claims and in doing so never passed on the merits"). Here, the initial Petition was dismissed as time barred, which is a decision on the merits. *In re Gutierrez*, 2024 WL 3333932, at \*1 (citing cases). This exception is inapplicable.

## III.    CONCLUSION

Because this Court lacks jurisdiction in this matter involving a second or successive petition, it is therefore **ORDERED** that the Petition and all pending motions be **TRANSFERRED** pursuant to 28 U.S.C. § 1631 to the Sixth Circuit Court of Appeals. *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."); *see also Ward v. Michigan*, No. 06-CV-13948, 2007 WL 2752342, at \*2 (E.D. Mich. Sept. 21, 2007) ("[T]his Court lacks jurisdiction

to consider Petitioner's habeas petition or any motions filed therein when prior authorization for filing the successive petition has not been obtained from the Court of Appeals.").

      **IT IS SO ORDERED**.

May 5, 2026                                       */s/ Kimberly A. Jolson*
                                                           KIMBERLY A. JOLSON
                                                           UNITED STATES MAGISTRATE JUDGE

6